J-S28010-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
SHAWN MICHAEL ALEXANDER :
:
Appellant : No. 148 MDA 2018

Appeal from the Judgment of Sentence November 1, 2017
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-CR-0001893-2016

BEFORE:  OLSON, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                          **FILED JUNE 29, 2018**

Appellant, Shawn Michael Alexander, appeals from the judgment of sentence entered on November 1, 2017, following his jury trial convictions for two counts of theft by unlawful taking.[1]  We affirm.

We briefly summarize the facts and procedural history of this case as follows.  The Commonwealth charged Appellant with two counts of theft by unlawful taking on October 20, 2016 for stealing automobiles in Franklin County, Pennsylvania.   A trial commenced on September 18, 2017 and the jury found Appellant guilty of the aforementioned charges.  The trial court held a sentencing hearing on November 1, 2017 and imposed consecutive sentences of 36 to 84 months of incarceration on each count of theft by unlawful taking.  On November 2, 2017, the trial court filed a statement of

_____

[1]  18 Pa.C.S.A. § 3921(a).

reasons for imposing sentence. On November 7, 2017, Appellant filed a post-sentence motion for reconsideration of his sentence. On December 19, 2017, the trial court denied relief by order and accompanying opinion. This timely appeal resulted.[2]

On appeal, Appellant presents the following issue for our review:

Did the sentencing court abuse its discretion in sentencing [] Appellant, when the sentence is outside the sentencing guideline, and is manifestly excessive and unreasonable, because the court failed to consider the specific and unique circumstances of the case and [] Appellant's background pursuant to the requirements of 42 Pa.C.S.A. § 9721(b) and 42 Pa.C.S.A. § 9721(d)?

Appellant's Brief at 9.

Appellant summarizes his argument as follows:

[] Appellant in the instant case has a prior record score of four, and an offense gravity [s]core of six. The sentencing guidelines call for a standard range sentence of fifteen to twenty-one months and an aggravated range of twenty-seven months. The sentence imposed by the [trial c]ourt of thirty-six to eighty four months, on each count, exceeds the aggravated ranges of the sentencing guidelines. The sentencing court failed to state adequate reasons on the record for this departure from the Pennsylvania [s]entencing [g]uidelines which constitutes an abuse of discretion.

*Id.* at 19.

_____

[2] Appellant filed a notice of appeal on January 16, 2018. On January 22, 2018, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on January 29, 2018. On January 31, 2018, the trial court filed an opinion pursuant to Pa.R.A.P. 1925(a), relying upon its previous decision filed on December 19, 2017.

Appellant further avers that the trial court erred by justifying above guideline sentences based upon the fact that Appellant escaped from an intermediate punishment program and committed the offenses at issue. *Id.* He claims the sentencing court failed to acknowledge that Appellant assumed responsibility for escaping, pled guilty to the charge of escape, and is currently serving a term of 9 to thirty-six months of incarceration on that charge. *Id.* Appellant further argues that the trial court erroneously considered his prior thirteen convictions for theft, mainly stolen automobiles, when it already considered his prior record score in applying the sentencing guidelines. *Id.* at 20. Appellant contends that the trial court further erred by considering Franklin County's lack of public transportation as an additional reason to impose sentences outside of the aggravated range, citing the victims' reliance on personal transportation. *Id.* Appellant posits that, "[i]f every sentencing [j]udge were to impose longer prison terms to residents of rural counties than to those in urban ones, the resulting disparity in treatment would be precisely what the sentencing guidelines were designed to prevent." *Id.* Finally, Appellant argues that the trial court failed to consider his rehabilitative needs as a long-term crack addict and that Appellant was unable to work because he was his father's caretaker during cancer treatment. *Id.* at 21.

"It is well-settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal." *Commonwealth v. Antidormi*, 84 A.3d 736, 759 (Pa. Super. 2014) (citation omitted). Accordingly,

[b]efore this Court may reach the merits of a challenge to the discretionary aspects of a sentence, we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether [the a]ppellant preserved his issue; (3) whether [the a]ppellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [see Pa.R.A.P. 2119(f); and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. If the appeal satisfies each of these four requirements we will then proceed to decide the substantive merits of the case.

*Id.* (original brackets, ellipsis, and citation omitted).

Here, Appellant filed a timely notice of appeal after preserving his sentencing claim in a post-sentence motion. He has included a proper Rule 2119(f) statement in his brief. *See* Appellant's Brief at 12. Appellant also presents a substantial question. *Antidormi*, 84 A.3d at 759 ("This Court has held that claims that the sentencing court imposed a sentence outside the standard guidelines without stating adequate reasons on the record presents a substantial question.").

Our standard of review of a challenge to the discretionary aspects of sentence is well-settled:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

In every case in which the court imposes a sentence for a felony or a misdemeanor, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed. The sentencing

- 4 -

guidelines are not mandatory, and sentencing courts retain broad discretion in sentencing matters, and therefore, may sentence defendants outside the guidelines. In every case where the court imposes a sentence outside the guidelines adopted by the Pennsylvania Commission on Sentencing the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines. However, this requirement is satisfied when the judge states his reasons for the sentence on the record and in the defendant's presence. Consequently, all that a trial court must do to comply with the above procedural requirements is to state adequate reasons for the imposition of sentence on the record in open court.

When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation.[3] Where pre-sentence reports exist, we shall presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself.

*Id.* at 760–761 (internal citations, quotations, original brackets and ellipsis omitted).

Here, we initially note that the trial court had the benefit of a pre-sentence investigation report. Thus, the trial court was aware of Appellant's relevant personal background. We presume the trial court considered it.

---

[3] Moreover, "[t]he court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b).

Furthermore, at the sentencing hearing, the trial court noted that prior rehabilitation efforts with Appellant had failed. N.T., 11/1/2017, at 14-15. The trial court recounted Appellant's eight-year criminal record, spanning most of Appellant's adult life, resulted in 15 criminal convictions and none of his past punishments "resulted in [Appellant] conforming [his] conduct to comply with the law." *Id.* at 15. Thus, while the trial court cited Appellant's criminal record, which also factored into his prior record score, the trial court looked specifically at the pattern of behavior in determining that past rehabilitative efforts with Appellant failed. Moreover, the trial court noted that Appellant escaped from an "intensive treatment program" and "committed these new crimes." Trial Court Opinion, 12/19/2017, at 13. The trial court stated that, while it was "laudable" Appellant took responsibility for escaping by pleading guilty, that fact did not "mitigate the *additional* criminal conduct for which [Appellant] was proven guilty beyond a reasonable doubt at trial here, namely the theft of two motor vehicles." *Id.* at 10 (emphasis in original). Hence, the trial court concluded that Appellant did not avail himself of prior rehabilitation opportunities and above guideline sentences were appropriate in this case. Based upon our standard of review and our examination of the record, we agree with the trial court's assessment regarding Appellant's rehabilitative needs.

The trial court also heard testimony from Appellant at the sentencing hearing regarding his employment history. Appellant, 28-years-old at the time of sentencing, admitted that he only held one job in his life, his

work-release warehouse job where he escaped. N.T., 11/1/2017, at 10-11.

At this point, Appellant explained that "he went a couple of years without working because [he] was living with [his father] at the time helping take care of him." *Id.* at 11. The trial court, however, also recognized that Appellant never held employment outside of confinement, regardless of whether he was caring for his father. *Id.* at 11. Thus, the trial court reflected on Appellant's role as caregiver at the time of sentencing, but ultimately determined his need for rehabilitation outweighed this consideration. We discern no abuse of discretion.

The trial court also concluded that sentences above the guidelines were appropriate for the protection of the public. The trial court recognized that Franklin County residents are without public transportation and rely upon their personal vehicles for their employment, medical needs, and any emergencies and when Appellant stole two vehicles those thefts impacted the lives of the victims. *Id.* at 16. The trial court concluded that Appellant's "seven prior convictions for unauthorized use of a motor vehicle[,] established a pattern of complete disregard for other citizens' modes of transportation." *Id.* at 15. Based upon the foregoing, we determine that the trial court appropriately balanced the protection of the public with the particular circumstances of the offenses and the character of the defendant, when imposing Appellant's sentences. In deviating from the sentencing guidelines, the trial court placed its reasons for doing so on the record as required.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/29/2018